UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYRAILL CLARK,

      Plaintiff,

      v.

E. SUMMERVILLE, *et al.*,

      Defendants.

CIVIL ACTION NO. 3:25-cv-02285

(SAPORITO, J.)

## ORDER

This matter is before the Court on defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16). Plaintiff Tyraill Clark asserts claims against five defendants affiliated with SCI-Benner Township arising from an incident on June 12, 2025, in which his cell was allegedly flooded with water that contained sewage. For the following reasons, defendants' motion will be denied.

### I.   PERSONAL INVOLVEMENT

First, defendants seek dismissal of defendant E. Summerville on the basis that Clark "has failed to state how Defendant Summerville has any personal involvement in this case." "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in

the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).

In this case, the complaint identifies Summerville as the sergeant on the "2nd shift." (Doc. 1 at 2). The complaint and referenced attachments indicate that the "2nd shift" began at approximately 2:00 p.m. on the date in question.[1] Among other facts, these filings allege that the "2nd shift sgt" refused Clark's request for his cell to be cleaned and "abruptly left [Clark's cell] door" when he later reported that he had become ill. *See* (Doc. 1-1 at 1-2). Granting all reasonable inferences from Clark's allegations, and in view of the requirement that *pro se* pleadings be liberally construed, the complaint adequately identifies Summerville

---

[1] The first shift sergeant completed his last round at 1:46 p.m., and the second shift began at some time before 2:13 p.m. *See* (Doc. 1-1).

and explains Summerville's involvement in the alleged Eighth Amendment violation.

## II.  ADMINISTRATIVE REMEDIES

Next, defendants seek dismissal for Clark's alleged failure to exhaust administrative remedies, based in part on witness declarations submitted with the motion. *See* (Doc. 18-1 at 2-7, Doc. 18-2 at 2-5). However, dismissal for failure to exhaust administrative remedies "is appropriate only in those circumstances where the complaint reveals the exhaustion defense on its face." *Thomas v. Brinich*, 579 F. App'x 60, 62 (3d Cir. 2014). Ordinarily, in these circumstances, the motion would be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d); *see, e.g.*, *Breeland v. Baker*, 439 Fed. Appx. 93, 94-95 (3d Cir. 2011) ("[I]n order to consider [the grievance coordinator]'s verification . . . the court would have to convert [the] Rule 12(b)(6) motion into one for summary judgment."). However, because the evidence presented with this motion demonstrates a factual dispute that precludes summary judgment, the motion will be denied.

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust

available administrative remedies before they may file suit in federal court. 42 U.S.C. § 1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). The Pennsylvania Department of Corrections ("DOC") provides a three-part procedure for inmate grievances: initial review by a Grievance Officer, appeal to the Facility Manager, and final appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). *See* (Doc. 18-1 at 9-33 (DC-ADM 804)). Therefore, exhaustion within the Department of Corrections generally requires appeal to SOIGA, the third and final step of the process. *See Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004). However, exhaustion may be excused if administrative remedies are "unavailable," such as when prison officials enforce the grievance process in a way that improperly "thwarts" inmates from using it. *See Ross v. Blake*, 578 U.S. 632, 644 (2016).

Here, the record indicates that Clark attempted to appeal the relevant grievance to SOIGA, but this appeal was rejected on the basis

that Clark did not attach a "legible copy" of his initial grievance as required by the rules. *See* (Doc. 18-1 at 48); DC-ADM 804 § 2(B)(1)(j). However, Clark disagrees that the copy he submitted was illegible, *see* (Doc. 18-1 at 47), and a review of the document suggests a genuine dispute as to whether it was adequately legible. *See* (Doc. 18-2 at 46).[2] Further, to the extent the prison gave Clark this "illegible" copy of his initial grievance (*see* Doc. 18-1 at 55-56, Doc. 18-2 at 46-48) and then required him to provide a legible copy of the same document, the record raises a question as to whether further administrative remedies were essentially unavailable to him. *See Ross*, 578 U.S. at 644.

## III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendants' motion to dismiss (Doc. 16) is **DENIED**.

2.     Clark's requests for additional time to respond to the motion and for related discovery (Doc. 22) are **DENIED** as moot.[3] Clark is

---

[2] Moreover, since the document presumably had to be scanned to be electronically submitted to the Court, defendants' exhibit may not accurately reflect the legibility of the copy that Clark sent to SOIGA.

[3] To the extent Clark requests a copy of the complaint and attachments, copies of any filings may be requested from the Clerk at a
*(continued on next page)*

**REMINDED** that discovery requests must be served on opposing counsel and not filed on the docket. *See* M.D. Pa. L.R. 5.4.

3.    Defendants are **ORDERED** to answer the complaint within 14 days of this order. *See* Fed. R. Civ. P. 12(a)(4).

4.    The parties shall complete discovery by <u>July 20, 2026</u>.

5.    The parties shall file any dispositive motions by <u>**August 20, 2026**</u>.

Dated: April 20, 2026                    *<u>s/Joseph F. Saporito, Jr.</u>*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge

---

cost of $0.10 per page; service of the complaint on the defendants does not entitle the plaintiff to a "kick-back copy" of the complaint.